ALBERT WAHL, JR., *p.a. vs.* ANNA KRIKORIAN *et al.*

JULY 18, 1956.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

PAOLINO, J. This action of trespass on the case was brought under general laws 1938, chapter 477, §1, commonly known as the death by wrongful act statute. It is before this court on the plaintiff's bill of exceptions to the order of the superior court granting defendant Anna Krikorian's motion to strike the fourth amended declaration and entering judgment for that defendant on the demurrer to the third amended declaration as previously sustained.

It appears that plaintiff had filed three successive declarations, each of which was held demurrable by the superior court and in each instance plaintiff was granted leave to amend. Thereafter plaintiff filed the third amended declaration (fourth in the series) and on May 24, 1955 the trial justice sustained the demurrer thereto of each defendant without granting plaintiff further leave to amend. On the following day—before expiration of the period for filing notice to prosecute exceptions—plaintiff filed a motion for

leave to drop from the cause Blackstone Valley Gas and Electric Company, the other defendant, and to amend the writ and declaration accordingly. Over the objection of defendant Krikorian, who hereafter will be referred to as the defendant, the superior court on May 27, 1955 granted the motion provided plaintiff complied without otherwise altering or amending the declaration with respect to the defendant.

Thereafter, pursuant to such conditional permission, plaintiff filed a fourth amended declaration entitled "Plaintiff's Amended Declaration," hereinafter sometimes referred to as the fifth declaration. Thereupon defendant moved to strike this declaration on the ground that plaintiff did not comply with the court's order of May 27, 1955, and also prayed for entry of judgment for defendant upon the demurrer to plaintiff's third amended declaration, which demurrer was sustained on May 24, 1955. After a hearing the superior court granted defendant's motion and entered the order from which she has prosecuted the instant bill of exceptions.

The pertinent part of that order reads as follows:

"* * * it appearing to the Court that said last mentioned document entitled 'Plaintiff's Amended Declaration' is not in compliance with the order of this Court entered on May 27, 1955, but is an amended declaration stating a new and different cause of action against the defendant Krikorian, it is, therefore, Ordered And Adjudged that the defendant Krikorian's motion be and the same hereby is granted without leave to amend; that 'Plaintiff's Amended Declaration' (fifth in the series) be and the same hereby is stricken, and that judgment be entered for the defendant Krikorian upon her demurrer to the Third Amended Declaration, which demurrer was sustained on May 24, 1955."

The plaintiff's bill of exceptions contains six exceptions. However, in his brief these are condensed into three contentions, namely, that the fifth declaration did not state a new and different cause of action against defendant; that

plaintiff did not fail to comply with the order of the court when said declaration was filed and the Blackstone Valley Gas and Electric Company was dropped as a party defendant; and finally that the superior court erred in entering judgment for the defendant. Since these contentions make up one principal issue, namely, whether the superior court erred in entering judgment for defendant in the circumstances of this case, we shall discuss them together.

It should be remembered that the previous decision sustaining defendant's demurrer to the third amended declaration, without granting further leave to amend, was a final decision to which a bill of exceptions could be prosecuted. *Troy* v. *Providence Journal Co.*, 43 R. I. 22, 26; *Davis* v. *O. D. Purington Co.*, 58 R. I. 482. Ordinarily such decision would have ripened into a judgment after seven days by operation of law "unless some motion operating as a stay be filed, or unless there be an express order of the court for the entry hereof, on some later day, or unless otherwise provided by statute * * *." G. L. 1938, chap. 535, §1. See also *Hebert* v. *Handy*, 28 R. I. 317, 318.

In the circumstances, assuming without deciding that plaintiff's motion to drop a party under G. L. 1938, chap. 518, §3, operated in effect as a stay under the above-mentioned chapter 535, §1, nevertheless such a stay was expressly conditioned on compliance with the terms of the court's order. It is not disputed that such order granted plaintiff's motion to drop the other party and to amend accordingly, "but without otherwise altering or amending the declaration with respect to this defendant [Krikorian]."

Consequently, if plaintiff did not comply with the terms of the court's conditional order, the stay of judgment would no longer be operative. In this connection the trial justice, after a hearing, found that the fourth amended declaration (fifth in the series) which had been filed under this conditional order did not comply with it and that

the new declaration constituted a new and different cause of action against defendant.

We have examined the pleadings and decision and in our judgment there were sufficient changes in 'the new declaration to constitute a different cause of action against defendant and therefore the ruling was correct. Consequently after the defendant's motion was granted and the fourth amended declaration was stricken from the records, the case reverted to the next previous status. In other words, there was no longer any order or pleading to operate as a stay of judgment on the decision sustaining the defendant's demurrer to the third amended declaration. Such decision, being final and without leave to further amend, then ripened into a judgment after seven days, since no exception thereto was prosecuted within the statutory period. Therefore the trial justice's decision sustaining the defendant's demurrer to the third amended declaration on May 24, 1955 became by operation of law a final judgment after the fourth amended declaration was stricken from the record, and the trial justice properly ordered entry of judgment for the defendant.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court with direction to enter judgment on the decision sustaining the defendant Anna Krikorian's demurrer to the third amended declaration.

*Isidore Kirshenbaum,* for plaintiff.

*Corcoran, Foley & Flynn, Francis R. Foley,* for defendant Anna Krikorian.